# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONELL NICHOLS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2264 |
| | : | |
| CORRECTIONAL OFFICER LOPPE, | : | |
| *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 3rd day of June, 2019, upon consideration of Plaintiff Ronell Nichols's

Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement

(ECF No. 3), and his *pro se* Complaint (ECF No. 2), which raises claims under 42 U.S.C. §

1983, it is **ORDERED** that:

1.      Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      Ronell Nichols, #70-18030, shall pay the full filing fee of $350 in installments,

pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court hereby

directs the Warden of George W. Hill Correctional Facility or other appropriate official to assess

an initial filing fee of 20% of the greater of (a) the average monthly deposits to Nichols's inmate

account; or (b) the average monthly balance in Nichols's inmate account for the six-month

period immediately preceding the filing of this case. The Warden or other appropriate official

shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the

Court with a reference to the docket number for this case. In each succeeding month when the

amount in Nichols's inmate trust fund account exceeds $10.00, the Warden or other appropriate

official shall forward payments to the Clerk of Court equaling 20% of the preceding month's

income credited to Nichols's inmate account until the fees are paid.  Each payment shall reference the docket number for this case.

3.       The Clerk of Court is directed to **SEND** a copy of this order to the Warden of George W. Hill Correctional Facility.

4.       The Complaint is **DEEMED** filed.

5.       The Complaint is **DISMISSED with prejudice** as to all claims involving the processing of grievances against Defendants Warden David Byrne, Deputy Warden Mario Colucci, Assistant Warden James Mattera, Superintendent John A. Reilly, Jr., The GEO Group, Inc., Grievance Coordinator Kevin Conroy, and Grievance Coordinator Gabrielle Price.

6.       The Complaint is **DISMISSED without prejudice** as to all claims involving deliberate indifference to serious medical needs against Defendants Correctional Officer Loppe, Correctional Officer Kenneth, Correctional Officer Starkey, Correctional Officer Boyd, Grievance Coordinator Kevin Conroy, and Grievance Coordinator Gabrielle Price.

7.       The Complaint is **DISMISSED without prejudice** as to all claims involving prison conditions against Defendants Warden David Byrne, Deputy Warden Mario Colucci, Assistant Warden James Mattera, Superintendent John A. Reilly, Jr., and The GEO Group, Inc.

8.       The Complaint is **DISMISSED without prejudice** as to all claims against Defendant Sarah Bowles.

9.       Nichols is given thirty (30) days to file an amended complaint in the instant case as to his claims that have not been dismissed with prejudice.  Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Nichols's claims against each defendant.  Nichols should provide enough information for the Court to understand what

happened to him.  When drafting his amended complaint, Nichols should be mindful of the

Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the

filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the

Court.

10.     The Clerk of Court shall send Nichols a blank copy of the Court's form

complaint to be used by a prisoner filing a civil rights action bearing the above civil action

number.  Nichols may use this form to file his amended complaint in the instant case if he

chooses to do so.

11.     If Nichols fails to file an amended complaint in accordance with paragraph nine

(9) of this Order, his case may be dismissed for failure to prosecute without further notice.


**BY THE COURT:**


*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR., J.**