IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONELL NICHOLS,<br>　　Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2264 |
| | : | |
| CORRECTIONAL OFFICER LOPPE,<br>*et al.*,<br>　　Defendants. | :<br>:<br>: | |

## MEMORANDUM

**LEESON, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　July 30, 2019

In a prior Memorandum and Order, the Court granted the motion of *pro se* Plaintiff Ronell Nichols to proceed *in forma pauperis* and dismissed his Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Nichols, a prisoner confined at the George W. Hill Correctional Facility ("GWH"), was granted leave to file an Amended Complaint ("AC") to attempt to cure the defects in the claims dismissed without prejudice. Nichols filed an AC on June 27, 2019 (ECF No. 10.) He has named as Defendants Correctional Officers Loppe, Kenneth, Starkey and Boyd, Warden David Byrne, Deputy Warden Mario Colucci, Superintendent John A. Reilly, Jr., the GEO Group, Inc., and Grievance Coordinators Kevin Conroy and Gabrielle Price. For the following reasons, the AC will be dismissed in part with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the remaining claims will be served.

**I.　　FACTS**

Nichols asserts that during the night of April 14, 2019, he fell off the top bunk bed in his sleep. He informed Defendant Loppe that he was injured, but Loppe allegedly told him he was

playing games and to stop pushing the call button. (ECF No. 10 at 20.)[1] The next morning, Defendant Starkey came onto the block with a nurse, but prevented Nichols from talking to the nurse. (*Id.*) Nichols told Defendant Boyd about his fall, but Boyd told him to "get out of my face." (*Id.* at 8.) He alleges that Loppe, Starkey and Boyd had actual knowledge of his medical needs but failed to take reasonable measures to abate it. (*Id.*) He also told Defendant Kenneth about his fall. Kenneth ignored him because the officer was allegedly trying at the time to deal with Nichols's cellmate who refused to get up for inspection. (*Id.*) On April 22, 2019, Nichols told Kenneth that wanted to go to medical because he was suicidal, but Kenneth did nothing. (*Id.* at 8-9.) Nichols concedes that he was seen by the medical department, but asserts he was seen only when he put in a sick call slip, and that these Defendants did nothing to help him get medical attention. (*Id.* at 10.)

The allegations against Defendants Byrne, Colucci, Reilly and the GEO Group, Inc. concern the conditions at GWH. Nichols asserts that other inmates have suffered injuries due to falls from upper bunks, but these Defendants have failed to install safety rails or provide ladders, even though the prisoner handbook directs inmates not to jump from the top bunk to the floor. (*Id.* at 11-12.) He alleges that these Defendants also have actual knowledge of the conditions because Nichols directed grievances to Byrne, Colucci and Reilly. (*Id.* at 13.)

Nichols also alleges that these Defendants know that conditions in the prison intake area are constitutionally defective. He alleges that he was forced to sleep on a cold bench in a cold cell with twenty other inmates in the intake section, that the intake cell smelled of urine, food

---

[1] The Court adopts the pagination assigned by the CM/ECF docketing system. The Court notes, however, that the order of the pages of the AC appears to be incorrect as docketed. Having placed the pages in correct order, they should be read as: 1, 2, 5, 4, 3, 17, 20, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 21, 22, 23, 24, 25, 26. It is unclear where page 27, a handwritten page of notepaper, belongs.

2

was on the floor, and he was forced to sleep in a "boat" — a type of temporary bedding — near a toilet being used by other inmates. (*Id.* at 14.) He alleges the showers were unsanitary, he was not provided with shower shoes, and risked getting a foot infection. (*Id.*) Once assigned to a cell, he was not given access to cleaning supplies to clean his cell, which was also unsanitary. (*Id.* at 14-15.) Finally, Nichols alleges that Defendants Price and Conroy, who are grievance counselors at GWH, exhibited deliberate indifference to his rights by failing to act on the information in his grievances and failing to "remedy the wrong." (*Id.* at 16.)

## II. STANDARD OF REVIEW

Because Nichols has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the AC if, among other things, it is frivolous or fails to state a claim. Whether the AC fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the AC contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Nichols is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Involving Conditions of Confinement

Nichols's original claims concerning the conditions of confinement at GWH were dismissed without prejudice because they failed to state a plausible claim under the Eighth Amendment — governing convicted inmates — or the Due Process Clause of the Fourteenth Amendment — governing claims brought by pretrial detainees. Having reviewed Nichols's allegations, the Court stated:

> Nichols's conditions of confinement claim is based on his allegation that he was housed in the intake area where he had to sleep on a floor, "on a boat," near a toilet, and was later assigned to a cell with two other inmates. Nichols has not alleged a plausible constitutional violation because he has not alleged that the overcrowded conditions deprived him of a basic need, or otherwise caused him harm. Nor do the conditions he describes, while far from ideal, constitute an objectively serious deprivation or punishment.

(ECF No. 5 at 6.) The Court noted that prior cases had held that housing multiple inmates in a cell, housing inmates in temporary conditions where they might have to sleep on the floor or in "boats" in an intake area or near toilets, did not establish a constitutional violation. (*Id.* at 6-7 citing *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."); *Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged

4

overcrowding has somehow harmed the prisoner."); *Hubbard v. Taylor*, 538 F.3d 229, 232-35 (3d Cir. 2008) (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment); *Walker v. George W. Hill Corr. Facility*, Civ. A. No. 18-2724, 2018 WL 3430678, at *3 (E.D. Pa. July 13, 2018) (concluding that prisoner plaintiff's claims that "he was forced to share a cell with two other individuals and that he was forced to sleep on the floor inside what was described as a boat unit" and that "his sleeping area was a very unhealthy and unsanitary space two feet from the toilet bowl" failed to state a Fourteenth Amendment claim with respect to allegations of overcrowding).

While these allegations were deemed insufficient, the Court granted Nichols the opportunity to amend his Complaint to attempt to state plausible claims against Defendants Byrne, Colucci, Reilly and The Geo Group, Inc. Having reviewed the allegation of the AC, which are mostly identical to those contained in the original Complaint, the Court concludes that the allegations again fail to state a plausible claim that the prison conditions under which Nichols was held at GWH are unconstitutional. His only new allegation, concerning the lack of safety rails for top bunks or ladders, also fails to state a plausible claim. *See Tutora v. Sweeney*, Civl A. No. 14-4458, 2014 WL 7059086, at *2 (E.D. Pa. Dec. 15, 2014) (holding that "[c]ourts faced with similar allegations have held that the absence of a ladder or railing from the top bunk does not create an objectively serious condition threatening inmate safety or reflect deliberate indifference on behalf of prison officials." (collecting cases).) Accordingly, the claims against Defendants Byrne, Colucci, Reilly and The Geo Group, Inc. are dismissed with prejudice as any further attempt to amend would be futile.

5

### B. Claims Based on Grievances

The claims against Defendants Price and Conroy, who are grievance counselors at GWH, alleged that they exhibited deliberate indifference to Nichols's rights by failing to act on the information in his grievances and remedy the wrongs he described. (ECF No. 10 at 16.) As noted in the Memorandum addressing Nichols's original Complaint, claims based on the handling of grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, Nichols's claims about grievances again do not give rise to a plausible basis for a constitutional claim and Defendants Price and Conroy will be dismissed with prejudice.

### C. Official Capacity Claims

All named Defendants are sued in their official as well as individual capacities. (*See* ECF No. 10 at 2, 5, 4, 3.) Claims against officials named in their official capacity are indistinguishable from claims against the municipality — here Delaware County — that employs them. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Because

Nichols has failed to state a plausible claim based on prison conditions at GWH, any claim of municipal liability is not plausible and his official capacity claims must be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Nichols's prison conditions claims, grievances claims, and official capacity claims. Nichols will be permitted to proceed on his deliberate indifference to serious medical needs claims against Defendants Loppe, Kenneth, Starkey and Boyd at this time. An appropriate Order follows.

**BY THE COURT:**

**/s/ Joseph F. Leeson, Jr.**
**JOSEPH F. LEESON, Jr., J.**